IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHRADDHA, L.P., A TEXAS LIMITED PARTNERSHIP, D/B/A SUPER 8 HOTEL, Plaintiff, | § § § § | |
| VS. | § | Civil Action No. 4:17-cv-00137 |
| ATAIN SPECIALTY INSURANCE COMPANY Defendant. | § § § § | |

**INDEX OF MATTERS BEING FILED**

TO: THE CLERK OF THE NORTHERN DISTRICT COURT OF TEXAS, FORT WORTH DIVISION

Defendant Atain Specialty Insurance Company attaches this Index of Matters Being Filed to its Notice of Removal.

1. Tarrant County Docket Sheet for Cause No. 096-290037-17;
2. Citation to Atain Specialty Insurance Company;
3. Plaintiff's Original Petition; and
4. Defendant Atain Specialty Insurance Company's Original Answer, Subject to Notice of Removal.

FILED
TARRANT COUNTY
1/18/2017 3:00:59 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 096-290037-17

| | | |
|---|---|---|
| SHRADDHA, L.P., A TEXAS LIMITED PARTNERSHIP, D/B/A SUPER 8 HOTEL<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ____ JUDICIAL DISTRICT |
| ATAIN INSURANCE COMPANY,<br>Defendant. | §<br>§ | TARRANT COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, SHRADDHA, L.P., A TEXAS LIMITED PARTNERSHIP D/B/A SUPER 8 HOTEL files this Original Petition against Defendant, ATAIN SPECIALTY INSURANCE COMPANY ("Atain") and for cause of action would respectfully show the Court the following:

## I. DISCOVERY LEVEL

Pursuant to Rule 190 of the Texas Rules of Civil Procedure, Plaintiff intends to conduct discovery under Level 3.

## II. VENUE

Venue is appropriate in Tarrant County, Texas because all or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas and Plaintiff and property which is the subject of this suit are located in Tarrant County, Texas. Plaintiff requests that Defendant Atain submit to the jurisdiction of the above numbered District Court of Tarrant County, Texas.

## III. PARTIES

Plaintiff is a Limited Liability Partnership whose member is a citizen of Texas and whose principal place of business is in Tarrant County, Texas.

Defendant, ATAIN SPECIALTY INSURANCE COMPANY is an eligible surplus lines insurer as defined in Texas Insurance Code §804.106 and is in the business of insurance in the State of Texas. The insurance business done by ATAIN SPECIALTY INSURANCE COMPANY in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with Plaintiff;
- The taking or receiving of application for insurance, including Plaintiff's application for insurance;
- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from Plaintiff; and
- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including Plaintiff.

Defendant, ATAIN SPECIALTY INSURANCE COMPANY, whose home office/principal business office is located at 30833 Northwestern Highway, Suite 200 Farmington Hills, MI 48334-2582, may be served with process by serving the Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 70701 via certified mail, return receipt requested as its agent for service as required by Texas Insurance Code §804.201.

## IV. Nature of the Case; Relief Sought

This is a first-party insurance case stemming from extensive damage to Plaintiff's business from a wind/hail event on or about March 17, 2016. Plaintiff seeks damages for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Insurance Code and common law bad faith. Plaintiff also seeks his attorney's fees, statutory penalties, costs of court and pre- and post-judgment interest. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## V. BACKGROUND FACTS

Plaintiff owns a hotel located at 7318 Calmont Avenue, Fort Worth, Texas 76116 (the "Property").

The Property is covered by a policy of insurance which Defendant Atain Specialty Insurance Company sold to Plaintiff (the "Policy"). The Policy is a Commercial Property Policy No. CIP274292 issued by Atain Specialty Insurance Company for the policy period of December 17,2015 to December 17, 2016. The Policy covered Plaintiff's property against loss by hail, wind and water damage, among other perils.

As the consequence of a storm on or about March 17, 2016, Plaintiff's property sustained extensive hail and water related damage to the exterior and interior.

Plaintiff has performed all conditions precedent to its recovery under the Policy.

Plaintiff gave timely notice to the carrier.

Atain assigned the claim to its adjuster, Annette Horn to investigate and report on the loss.

Plaintiff has suffered property damage which has not been paid, even though the amounts are well-established and have been provided to Atain.

Atain has failed to make an attempt to settle Plaintiff's claim in a fair manner, although its liability to Plaintiff under the Policy is without dispute. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(2)(A).

Atain has failed to explain the reasons for an offer of inadequate compensation. Atain has failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Atain did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the Policy. This conduct violates Tex. Ins. Code Sec. 541.060(a)(3).

Atain refused to fully compensate Plaintiff under the terms of the Policy even though Atain failed to conduct a reasonable investigation. Atain performed a result-oriented investigation of Plaintiff's claim which resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses. This conduct is in violation of Tex. Ins. Code Sec. 541.060(a)(7).

Atain failed to meets its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning the investigation of Plaintiff's claim, requesting all information reasonably necessary to investigate Plaintiff's claim and fully paying Plaintiff's claim within the time period mandated by statute. This conduct is in violation of Tex. Ins. Code Sec 542.055.

Atain failed to accept or deny Plaintiff's full and entire claim within the time period mandated by statute. This conduct is a violation of Tex. Ins. Code Sec. 542.056.

Atain failed to meet its obligation under the Texas Insurance Code regarding payment of the claim without delay. This conduct is in violation of Tex. Ins. Code Sec. 542.058.

Atain breached the policy of insurance by failing to pay for the covered damages to the properties. In addition, Plaintiff seeks extra-contractual damages from Atain for their handling of the claim. Plaintiff provided Atain with more than adequate information to determine coverage.

## VI. CAUSES OF ACTION

Plaintiff asserts claims for declaratory judgment, breach of contract, violations of the Texas Insurance Code, violations of the DTPA and bad faith relating to the loss to the Property. Plaintiff owns and/or is an insured on the Property.

**Declaratory Judgment.** Plaintiff re-alleges the foregoing paragraphs. Pursuant to Texas Civil Practices and Remedies Code, Chapter 37. Plaintiff seeks a declaration that the Policy provides coverage for the cost to repair the damaged property, less only a deductible, among other

things. In the alternative, Plaintiff asserts that the Policy is ambiguous and must be interpreted in favor of coverage and against the Defendant.

**Breach of Contract.** Plaintiff re-alleges the foregoing paragraphs. The acts and omissions of Atain and its agents constitute a breach of Atain's contract with Plaintiff. Plaintiff has satisfied all conditions precedent to the fulfillment of their contractual demands. The damage to Plaintiff's property caused by the storm is covered under the policy issued by Atain and Atain has failed to pay for all covered damage. Accordingly, additionally or in the alternative, Plaintiff brings an action for breach of contract against Atain pursuant to Texas statutory and common law, including Chapter 38 of the Texas Civil Practice and Remedies Code, and seeks all of its damages for such breach, including actual damages, consequential damages, attorneys' fees, prejudgment interest, other litigation expenses and costs of court.

**Violations of the Texas Insurance Code.** Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Atain was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Atain and its agents constitute one or more violations of the Texas Insurance Code. Specifically, Atain failed to conduct a reasonable investigation and timely and fully pay Plaintiff for the damage to its property. Instead of evaluating the damage objectively, Atain, through its agents, looked for ways to underpay Plaintiff's claim. Atain's conduct described herein violates the following provisions of the Texas Insurance Code:

1. Insurance Code chapter 542, the Prompt Payment Act.
2. Insurance Code § 542.003(b)(5) and 28 TAC § 21.203.
3. Insurance Code chapter 541, section 541.060 by, among other things:
    - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time; and/or

- refusing to pay Plaintiff's claim without conducting a reasonable investigation.

Where statements were made by the Atain and/or its agents, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code. Atain has also violated the Prompt Payment Act, and Plaintiff seeks 18% damages as a penalty, plus reasonable and necessary attorney's fees incurred as a result of these violations.

**Violations of the Texas Deceptive Trade Practices Act.** Plaintiff re-alleges the foregoing paragraphs. At all times pertinent, Plaintiff was a "consumer" as defined in Section 17.45(4) of the Texas Business and Commerce Code, the Texas Deceptive Trade Practice Act ("DTPA").

The Defendant and its agents violated provisions of the DTPA, including the following:

- violations of Texas Insurance Code as set forth above;

- representing that the Policy had benefits which it did not have;

- representing that the Policy conferred or involved rights and remedies that it did not have;

- promulgating and selling a Policy which is essentially worthless, provides little or no coverage, and is illusory;

- misrepresenting the terms of an agreement;

- representing that the Policy had characteristics, standards, or coverage which it did not have;
- failing to disclose information that was known at the time of the purchase of the Policy because it was intended to induce Plaintiff into purchasing the Policy; and/or
- engaging in an unconscionable act or course of action.

The deceptive acts and practices as alleged herein were committed in connection with Plaintiff's purchase of and claim under the Policy. Plaintiff relied on the false, misleading and deceptive acts and practices as above alleged to its detriment, and the conduct described above was the producing cause of injury and damage to Plaintiff. As a result of the foregoing conduct, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages.

One or more of the foregoing acts or omissions were "knowingly" made. Accordingly, Plaintiff will seek treble damages pursuant to DTPA Section 17.50(b)(1).

**Common Law Bad Faith.** Plaintiff re-alleges the foregoing paragraphs. Atain has refused to pay or delayed in paying a claim after liability has become reasonably clear. Atain has refused to pay, delayed in paying or offered grossly inadequate and unconscionable sums to settle the claims submitted by Plaintiff. This constitutes a breach of its common law duty of good faith and fair dealing' *i.e.*, it is acting in "bad faith."

Moreover, Atain has "investigated" and "adjusted" Plaintiff's claim in a malicious, intentional, fraudulent and/or grossly negligent fashion, and Plaintiff is entitled to extra-contractual damages, including exemplary damages. Plaintiff has sustained serious damage to its property as a result of Atain's refusal to honor the Policy. Atain is well aware that its actions involve an extreme risk that Plaintiff will suffer financial damage as a result of its refusal to honor its

obligations, yet it is consciously indifferent to Plaintiff's rights. Plaintiff is entitled to recover its actual damages, consequential damages, punitive damages, and pre-and post-judgment interest.

## VII. REQUEST FOR DISCLOSURE

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## VIII. JURY DEMAND

Plaintiff requests that a jury be convened to try the factual issues in this action.

## IX. PRAYER

WHEREFORE, Plaintiff seeks the following relief:

A. The Court's declaration that the Policy provides coverage for the damage to the property, less only a deductible;

B. Alternatively, a ruling that the Policy is ambiguous and must be interpreted in favor of coverage and in favor of Plaintiff;

C. Damages against Defendant Atain Specialty Insurance Company for breach of contract, including actual damages, consequential damages, attorneys' fees, pre- and post-judgment interest, other litigation expenses and costs of court;

D. Penalty in the amount of 18% damages for violations of the Prompt Payment Act;

E. Damages against Defendant for Insurance Code and extra-contractual claims including actual, exemplary and/or treble damages;

F. Attorneys' Fees;

G. Any other relief to which Plaintiff would be justly entitled.

[Signature Follows]

Respectfully submitted,

MATTHEW R. PEARSON
State Bar No. 00788173
mpearson@gplawfirm.com
JONATHAN C. LISENBY
State Bar No. 24072889
jlisenby@gplawfirm.com
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205
Telephone: (210) 472-1111
Facsimile: (210) 472-1110

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. 096-290037-17

| | | |
|---|---|---|
| SHRADDHA, L.P., A TEXAS LIMITED PARTNERSHIP, D/B/A SUPER 8 HOTEL, Plaintiff, | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § | 96th JUDICIAL DISTRICT |
| ATAIN INSURANCE COMPANY, Defendant. | § § § | TARRANT COUNTY, TEXAS |

**DEFENDANT ATAIN SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER, SUBJECT TO NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Atain Specialty Insurance Company, Defendant in the above entitled and numbered cause, and files its Original Answer, Subject to Notice of Removal. In support of Atain Specialty Insurance Company's Original Answer, Subject to Notice of Removal, Defendant would respectfully show unto the Court and Jury as follows:

**I.**

**GENERAL DENIAL**

1. The Texas Rules of Civil Procedure and, in particular Rule 92, affords citizens and corporations of this state provide certain protections with respect to lawsuits of this type. Accordingly, Defendant invokes the provisions of that rule and does generally deny the allegations now made against it by the Plaintiff and its attorney. At any trial of this cause, Defendant will exercise its legal rights in this regard and require Plaintiff to carry the burden of proof, which the law imposes upon it, to prove each and every material allegation contained in its pleadings by a preponderance of the credible evidence.

**II.**

**AFFIRMATIVE DEFENSES**

2. By way of further affirmative defenses, and if necessary in the alternative, Defendant Atain Specialty Insurance Company denies Defendant made any material and false representations, or failed to disclose any facts to Plaintiff upon which Plaintiff detrimentally relied.

**III.**

3. By way of further affirmative defenses, and if necessary in the alternative, Defendant would show Defendant operated at all times in good faith with a reasonable belief in the propriety of Defendant's actions.

**IV.**

4. By way of further affirmative defenses, and if necessary in the alternative, Defendant denies any knowing violation of any applicable statutes.

**V.**

5. By way of further affirmative defenses, and if necessary in the alternative, Defendant asks that the trier or fact decide all questions and issues regarding Plaintiff's request for attorney fees. Defendant objects to said evidence and demands that, if allowed, Plaintiff be required to segregate said amount as to those claims for which attorney fees are recoverable and as to those claims for which attorney fees are non-recoverable, or as to the claim asserted against the Defendant.

**VI.**

6. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts Defendant could not be liable for the damages claimed by the Plaintiff as the loss, or a portion of the loss, claimed by the Plaintiff were due to a risk or cause coming within one or more of the following particular exclusions, exceptions, or limitations as described in the applicable insurance agreement:

a. Claimed losses are not the result of direct physical loss or damage caused by or resulting from and Covered Cause of Loss.
b. Failure to take all reasonable steps to protect the covered property from further damages;
c. Neglect of the insured to use all reasonable means to save and preserve property from further damage after the time of loss;
d. Limitation regarding requirement that walls or roof sustain damage by a covered loss prior to rain entering and damaging interior of any building;
e. Exclusion for faulty, inadequate, or defective "[d]esign, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction";
f. Exclusion for faulty, inadequate, or defective "[m]aterials used in repair, construction, renovation, or remodeling"; and
g. Exclusion for faulty, inadequate, or defective "[m]aintenance".

**VII.**

7. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts that Plaintiff has not performed all conditions precedent to the contract, specifically, to this date. Plaintiff has not complied with the appraisal process clause as required by the Policy in question and Texas law.

**VIII.**

8. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts Plaintiff's alleged damages, if any, were the result of an intervening and/or superseding cause or condition for which this Defendant bears no legal responsibility or liability.

**IX.**

9. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts there is no evidence or insufficient evidence to support Plaintiff's damages.

**X.**

10. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts that Plaintiff failed to mitigate Plaintiff's damages.

**XI.**

11. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts the provisions and protection of Section 541/453 of the *Texas Insurance Code* prohibiting double recovery by Plaintiff.

**XII.**

12. By way of further affirmative defenses, and if necessary in the alternative, Defendant asserts the provisions of the *Texas Insurance Code*, Section 541 and Plaintiff's lack of compliance with the same.

**XIII.**

13. By way of further affirmative defenses, and if necessary in the alternative, Defendant specifically invokes the provisions of Chapter 33 of the *Texas Civil Practice and Remedies Code* (if applicable).

**XIV.**

14. By way of further affirmative defenses, and if necessary in the alternative, Defendant would show that no action or inaction on Defendant's part was a cause in fact, proximate cause, or producing cause of Plaintiff's damages, if any; rather that Plaintiff's

damages, if any, were caused, either solely or partially, by the negligence, fault, or liability of third persons or parties over whom this Defendant had no control.

**XV.**

15. By way of further affirmative defenses, and if necessary in the alternative, Defendant states that Plaintiff is not entitled to recover punitive or exemplary damages in any form or fashion in his alleged cause of action in that it would violate Defendant's rights under the Constitution of the United States and the Constitution of the State of Texas. In the alternative, and without waiving the foregoing, Defendant is entitled to the protections afforded to them under Texas Practices and Remedy Code Ann. §41.003 et. seq.

**XVI.**

16. By way of further affirmative defenses, and if necessary in the alternative, Defendant invokes the protections of the Due Process Clause of the Fourteenth Amendment and the procedures outlined in *BMW of North America, Inc. v. Gore,* 517 U.S. 559, 16 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and its progeny.

**XVII.**

17. Defendant Atain Specialty Insurance Company reserves the right to further amend Defendant's answer to allege additional affirmative defenses as may be warranted in the defense of this case, Additionally, all defenses asserted herein are pled in the alternative where necessary according to law.

**XVIII.**

**JURY DEMAND**

18. Defendant, Atain Specialty Insurance Company, tenders its statutory jury fee and demands a trial by jury.

**XIX.**

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant, Atain Specialty Insurance Company, prays that upon final hearing of this cause that the Court enter its judgment to the effect that Plaintiff takes nothing by way of its cause of action against the Defendant, that Defendant is awarded court costs, legal interest, both prejudgment and post judgment interest, and for such other and further relief to which the Defendant may be justly entitled, either at law or in equity.

Respectfully submitted,

**CASTAGNA SCOTT LLP**
1120 S. Capital of Texas Hwy
Building 2, Suite 270
Austin, Texas 78746
512/329-3290
888/255-0132 fax

By: */s/ Stephen P. Bega*
Lynn S. Castagna
State Bar No. 03980520
Lynn@texasdefense.com
Stephen P. Bega
State Bar No. 24012269
Stephen@texasdefense.com

**ATTORNEYS FOR DEFENDANT ATAIN SPECIALTY INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent by certified mail, return receipt requested or facsimile to:

***VIA FACSIMILE: 210/472-1110***
Matthew R. Pearson
Jonathan C. Lisenby
GRAVELY & PEARSON, L.L.P.
425 Soledad, Suite 600
San Antonio, Texas 78205

in accordance with the Texas Rules of Civil Procedure, on the 10th day of February, 2017.

*/s/ Stephen P. Bega*
Stephen P. Bega